SAMUEL E. McGEAR ET AL. v. URIAH D. WOODRUFF, TREASURER OF THE CITY OF BRIDGETON.

1. An ordinance, of the city of Bridgeton, required that no person should be allowed to place any boxes, barrels, cordwood, or any other obstruction in any street, in front of his residence or place of business, or suffer the same to remain there—with a proviso, that if public transit be not thereby interrupted, seven days shall be allowed for removing said obstruction. In a suit brought to recover a penalty for a violation of this ordinance, it is only necessary to set out in the declaration the offence or thing prohibited. The subsequent clause or proviso, contains mere matter of excuse, of which the defendant must avail himself, as matter of defence.

2. The tenth section of the charter, authorizing the common council to provide for the enforcement of its ordinances by imprisonment not exceeding seven days, or by a fine not exceeding twenty dollars, without providing for a trial by jury, is not unconstitutional.

3. The principle decided in *Johnson* v. *Barclay*, 1 *Harr.* 1, must control this case.

On *certiorari* to remove proceedings under city ordinance.

The writ of *certiorari*, in this case, brings up for review proceedings had before the mayor of the city of Bridgeton, in action of debt brought before him, in the name of the treasurer of the city, against the plaintiffs in *certiorari*, to recover a penalty of two dollars for the violation of an ordinance of the said city in relation to streets and highways.

Argued before Justices VREDENBURGH, DALRIMPLE, and DEPUE.

For plaintiff in *certiorari*, *Franklin F. Westcott.*

Contra, *J. R. Hoagland.*

The opinion of the court was delivered by

DEPUE, J.   The ordinance, upon which this suit is brought, is in words following:  " Section 2d.  Be it ordained, by the authority aforesaid, that no merchant or other dealer, or any person or persons whatsoever, or any corporation, shall place, or cause to be placed, in, or upon any of the public streets, lanes, or highways of the city of Bridgeton, any box or boxes, barrel or barrels, cordwood, or any other obstruction whatsoever, or shall suffer the same to remain in or upon any of the said streets, lanes, or highways, in front of his, her, or their respective place or places of business, or of his, her, or their residence or residences, for any length of time, except as hereinafter provided ; provided, however, that (if) travel be not actually obstructed or hindered thereby, such time as may be necessary shall be allowed for the handling and removal of said box or boxes, barrel or barrels, cordwood or other obstructions, not exceeding in all seven days."

The true construction of this ordinance is, that no person shall be allowed to place, or cause to be placed, any box, barrel, cordwood, or other obstruction, in any street or highway of the city, in front of his residence or place of business, or suffer the same to remain therein ; with a proviso that if the travel be not thereby actually obstructed or hindered, such time as may be necessary for the handling or removal of such articles, shall be allowed, not exceeding the number of days specified.

It is averred in the demand that the defendants placed, or caused to be placed, in a certain street of the city an empty box in front of their place of business, and suffered the same to remain there for the space of five days, without any averment that the defendants are not within the exception of the proviso.   This is the first reason assigned for a reversal.

In an action founded on a statute, it is only necessary that the plaintiff should show himself entitled, under the enacting clause.   If there is an exception in the enacting clause, the plaintiff must show that his adversary is not within the

exception in a subsequent clause, in the same section, or in a subsequent section of the same act, or in a subsequent statute; that is a matter of defence, and the plaintiff need not show that the defendant is not within, or not protected by the exception. 1 *Bish. Cr. Prac.*, § 378; 1 *Ch. Pl.* 223; 2 *Saund. Pl. and Ev.* 1025; *Sedg. Stat. Constr.* 62; *Farwell* v. *Smith*, 1 *Harr.* 133.

The rule above stated is universally admitted. The difficulty is in its application to any case in hand. That difficulty grows out of the uncertainty as to precisely what is meant by the words *enacting clause.* See 1 *Bish. Cr. Prac.*, § 375 *to* 385, *and note 3 to* § 382. Merely placing the proviso in the same section of the printed act does not make it necessary to notice it in pleading, unless it is also incorporated in the enacting sentence, for statutes are not divided into sections upon the rolls of parliament, *per Holroyd, J. Wells* v. *Iggleden*, 3 *B. & C* 189. The reasons assigned for the rule, by Professor Gould, suggest a convenient criterion to ascertain when it applies. His language is: " In an action founded on a penal statute, the subject of any exception in the enacting or prohibitory clause of the act, must, in the declaration, be excluded by averment; but of any proviso or qualification in a separate substantive clause, the declaration need not take notice. In the first case the exception is an essential part of the *description of the offence* or thing prohibited; in the latter the proviso, &c., is only distinct matter of defence." *Gould on Pl.* 179, *ch.* 4, § 22.

In this case the placing or leaving a box, &c., in the street, is the offence or thing prohibited. The subsequent clause contains mere matter of excuse, which the defendant must avail himself of as a matter of defence. *Teel* v. *Fonda*, 4 *J. R.* 304; *Hart* v. *Cleis*, 8 *J. R.* 41; *Rex* v. *Ford*, 1 *Stra.* 555; *Rex* v. *Bryan*, 2 *Stra.* 1101; *Simpson* v. *Ready*, 12 *M. & W.* 740, *per* ALDERSON, B.; *Steel* v. *Smith*, 1 *B. & Ald.* 94; *Com.* v. *Hart*, 11 *Cush.* 13 ); *Com.* v. *Edwards*, 12 *Cush.* 187.

The next reason relied on is, that the mayor, before whom

the action was brought, refused to issue a *venire* to summon a jury for the trial of the cause, although the defendant applied for a trial by jury; and proceeded to try the complaint without a jury. In this he was right. The tenth section of the act incorporating the city of Bridgeton, (*Acts of 1864, p.* 538,) gives the mayor or any justice of the peace of the city as a magistrate, cognizance to try complaints for violations of the ordinances of the city. It was urged then that the tenth section of the charter, authorizing the common council to provide for the enforcement of its ordinances by imprisonment, not exceeding seven days, or by a fine not exceeding twenty dollars, without providing for trial by jury, is unconstitutional.

The language of the seventh section of article first of the constitution of 1844, that "the right of a trial by jury shall remain inviolate," is not substantially different from that of the twenty-second article of the constitution of 1776, "that the inestimable right of trial by jury, shall remain confirmed as part of the law of this colony, without repeal, forever." By that section it was not intended to introduce trial by jury in cases where it did not exist before, but merely to preserve it inviolate in cases where it existed at the time of the adoption of the constitution. Prior to the adoption of the constitution of 1776, convictions before magistrates for petty criminal offences, and violations of police regulations were of frequent occurrence, and were recognized as part of the laws of England. Since the adoption of that constitution, and prior to the adoption of the constitution of 1844, that practice was pursued in this state without objection. It was not intended, by the seventh section of the first act of the constitution of 1844, to introduce trial by jury in these cases where by law and by long practice the right did not previously exist. In *The State* v. *Zeigler, S. C., June Term,* 1867, Mr. Justice Elmer expressed a doubt whether a pecuniary penalty exceeding sixteen dollars, that being the largest sum which could be tried by a justice without a jury, before the constitution of 1776, can now be enforced, other-

McGear et al. v. Woodruff.

wise than by the verdict of a jury, if demanded by the defendant. In *Johnson* v. *Barclay*, 1 *Harr.* 1, this court held in a case where a conviction, under the act for the suppression of vice and immorality was had for penalties above the sum of sixteen dollars, that the defendant was not entitled to a trial by jury. And that the twenty-second article of the constitution then in force, did not extend to proceedings before magistrates under that act. Indeed, extensive and summary police powers are constantly exercised in all the states of the Union for the repression of breaches of the peace and petty offences, and these statutes are not supposed to conflict with the constitutional provisions securing to the citizen a trial by jury. *Sedg. Stat. Constr.* 548; see also 1 *Bish. Cr. Prac.,* note 7 *to* § 758, and cases there cited. This constitutional provision does not prevent the enforcement of the by-laws of a municipal corporation without a jury trial. *Williams* v. *Augusta,* 4 *Georgia* 509; *Floyd* v. *Eatontown,* 14 *Georgia* 354.

That the remedy under the charter of the city is by an action of debt, instead of a summary conviction, can make no difference. The action was adopted only as a convenient form for the enforcement of ordinances; nor does it alter the case that the legislation that called the ordinance into existence, was that of a municipal corporation, under powers conferred upon it by the legislature, and not by the legislature of the state. Ordinances adopted by a municipal corporation under delegated powers in its charter, become part of the police regulations of the state—local in their operation—but, nevertheless, authorized by the supreme authority in the state; and it is competent for the legislature to authorize the enforcement of them by a form of proceedings that would be lawful if the ordinances were legislative acts.

In principle, the case of *Johnson* v. *Barclay* covers this point. The authority of that case should control the decision of this court in the present case.

The other question discussed by counsel is not involved in this case. The mayor of the city in hearing this complaint was not sitting as a justice of the peace, but as a magistrate

of the city, adjudicating complaints for violations of city ordinances. The power of the legislature to confer a jurisdiction of that nature on the officers of a municipal corporation is too well settled to be now called in question.

Judgment affirmed.

Justices VREDENBURGH and DALRIMPLE concurred.

CITED *in Edwards* v. *Elliott,* 7 *Vr.* 458; *Howe* v. *Plainfield,* 8 *Vr.* 147; *Coykendall* v. *Robinson,* 10 *Vr.* 99.