THE STATE, DEFENDANT IN ERROR, v. JAMES P. REILLY, JR., PLAINTIFF IN ERROR.

Submitted July 10, 1916—Decided November 20, 1916.

When a party asks for an instruction to the jury which is partly good and partly bad, it is proper to refuse it altogether.

On error to the Supreme Court, whose opinion is reported in 88 *N. J. L.* 104.

For the plaintiff in error, *William R. Wilson.*

For the defendant in error, *Alfred A. Stein.*

The opinion of the court was delivered by

PARKER, J.   We conclude that the judgment of the Supreme Court, affirming the conviction in the Union Quarter Sessions, should be itself affirmed, and concur in the opinion delivered for the Supreme Court by Mr. Justice Bergen, except in the particular now to be specified.

At the trial the defendant requested the court to charge "that the burden of proof that a person charged with bigamy has not been actually absent from his wife for five years, and that she was known to him to be living within that time, is on the state and not on the defendant."

The Supreme Court held that the request was sufficiently complied with by charging the burden of proving that the first wife was alive, "in connection with what the court said on the same subject immediately following," which, as the Supreme Court held, "put the burden on the state of proving affirmatively and beyond a reasonable doubt that the defendant had not been continually absent from his wife for five years, and that she was known to him to be living within that time."

Our examination of the charge leads us to the view that the request was not sufficiently complied with. The matter "immediately following" is undoubtedly the portion of the charge where the judge said that the defendant would be innocent of bigamy if he did not know that his wife was alive, and if it appears that he had not heard from her during a period of five years prior to his second marriage. This is a very different thing from saying that the state must prove that he did know. We think that this part of the opinion is not justified by the record.

But this does not lead to a reversal, for we consider that defendant was not entitled to the request in the form in which it was made, because it called for the imposition of the burden on the state of showing, both that defendant had not been continually absent from his wife for five years, and that she was known to him to be living within that time. If defendant was entitled to the second branch of this request, as to which we express no opinion, still he was not entitled to the first.

Our statute, section 52 of the Crimes act (*Comp. Stat., p.* 1762), is substantially similar to the English act (see *Bish. Stat. Crimes,* § 581) and dissimilar to the New York act, which puts the exception in the enacting clause. *Fleming* v. *People,* 27 *N. Y.* 330. The Supreme Court properly held, that under our act the indictment need not negative the exception. There is of course ample authority for this rule with regard to exceptions and provisos not contained in the enacting clause. As a corollary, the burden of proof is generally on the defendant to bring himself within the exception. 5 *Cyc.* 700; *Plainfield* v. *Watson,* 57 *N. J. L.* 525. The rule as laid down by Mr. Bishop (*Stat. Crimes,* § 607) is that when the state has shown the two marriages and that the first wife was alive at the time of the second, "the defendant may rebut this *prima facie* case by proof of her seven years' absence. Then, if the state contends that nevertheless he knew her to be alive within this period, it must prove his knowledge; he is not required negatively to establish his want thereof. And

the jury are to determine, under all the evidence, what the real fact as to his knowledge was."

As already stated, we are not required to pass on the question whether the burden is on the state to prove the defendant's knowledge that the first wife was living within the statutory period. It is sufficient to say that the request was vitiated by the inclusion of the erroneous proposition that the burden was on the state to prove that defendant had not been continually absent from his wife for five years. Where a party asks for an instruction which is partly good and partly bad, it is proper to refuse it altogether. *Gardner* v. *State,* 55 *N. J. L.* 17; *Consolidated Traction Co.* v. *Chenowith,* 58 *Id.* 416; *affirmed,* 61 *Id.* 554; *Dederick* v. *Central Railroad Co.,* 74 *Id.* 424. There was, therefore. no error in failing to charge in the language of the request.

Let the judgment be affirmed.

*For affirmance*—The Chancellor, Garrison, Trenchard, Parker, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 12.

*For reversal*—None.