89 N.J. Super. 58 (1965)
213 A.2d 515
THE STATE OF NEW JERSEY,
v.
HARRY B. SENG, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided September 27, 1965.
*59 Mr. David Schapira, Assistant Prosecutor, for the State (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
Mr. Adrian I. Karp for defendant (Messrs. Van Riper & Belmont, attorneys).
YANCEY, J.C.C. (temporarily assigned).
This is an action based upon the violation of the provisions of Title 2A, chapters 151 and 144 of the New Jersey Statutes pertaining to weapons and explosives and to stink bombs, respectively. More specifically, defendant has been indicted for the following statutory violations:
(1) Indictment No. 1018-64 charges him with carrying a tear gas gun, contrary to the provisions of N.J.S. 2A:151-41, which provides (as amended May 12, 1960) that concealment of the following weapons on or about a person's clothes or person, or otherwise concealed in his possession, shall make such person guilty of a misdemeanor:
"* * * pistol, revolver or other firearm * * * [a]ny instrument of the kinds known as a blackjack, slung shot, billy, sandclub, sandbag, bludgeon, metal knuckles, cestus or similar leather band studded with metal for fitting on the knuckles, loose wool impregnated with metal filings or razor blades imbedded in wood slivers, dagger, dirk, dangerous knife, stiletto, bomb or any high explosive, other than fixed ammunition."
(2) Indictment No. 1019-64 charges defendant with the sale of a firearm without a license, contrary to the provisions of N.J.S. 2A:151-19, which lists the following as weapons whose manufacture or sale is a misdemeanor unless a certificate of registration is filed with the Superintendent of State Police: machine gun, automatic rifle, revolver, pistol or other *60 firearm, or other instrument of any kind known as a dagger, dirk, dangerous knife, stiletto, bomb or other high explosive.
(3) Indictment No. 1020-64 charges failure to register a firearm. The first count charges defendant with (a) the unlawful sale of a firearm (tear gas pen-gun), and (b) possession with intent to sell a certain firearm (tear gas pen-gun) without having obtained a license for the possession with intent to sell, contrary to the provisions of N.J.S. 2A:151-24, which provides that it shall be a misdemeanor for a retail dealer to sell or expose for sale, or possess with intent to sell, any of the weapons listed in N.J.S. 2A:151-2, namely, machine gun, automatic rifle, revolver, pistol or other firearm, or other instrument of any kind known as a blackjack, sling shot, billy, sandclub, sandbag, bludgeon, metal knuckles, dagger, dirk, dangerous knife, stiletto, bomb or other high explosive.
(4) Indictment No. 1017-64 charges possession and sale of a stink bomb, contrary to the provisions of N.J.S. 2A:144-1, which provides that
"* * * [a]ny person who sells in this state a stink bomb or any stinking, offensive smelling or injurious substance contained in a bomb or container, designed to be broken or exploded in order to emit an unpleasant or injurious odor or gas for the purpose of injuring or being unpleasant to another or injuring the property of another, is guilty of a misdemeanor."
The issues on this motion are: (1) whether a tear gas pen-gun is the type of weapon sought to be regulated by the Legislature in N.J.S. 2A:151-1 et seq., and (2) whether defendant's conduct in selling a tear gas pen-gun was intended to be regulated by the Legislature in N.J.S. 2A:144-1 (sale of stink bomb) and thus punishable as a misdemeanor.
A tear gas pen-gun can be classified as a weapon. A weapon is universally described as "An instrument of offensive or defensive combat, or anything used, or designed to be used in destroying, defeating or injuring an enemy." Black, Law Dictionary (4th ed. 1951). The gun in issue here is for *61 defensive use in deterring and defeating a would-be assailant, and thus clearly a weapon under the definition above.
Is a tear gas pen-gun the type of weapon sought to be regulated by the Legislature? The weapons set out in N.J.S. 2A:151-1 et seq. do not specifically include a tear gas pen-gun, but do include firearms, bombs and high explosives. Three of the indictments (Nos. 1018, 1019 and 1020) refer to the weapon as a firearm. Classification of the tear gas pen-gun as such would bring this weapon within the purview of the statute and qualify it as a proper subject for legislative regulation.
In United States v. Thompson, 202 F. Supp. 503 (N.D. Cal. 1962), where defendants were indicted for having illegal possession of an unregistered firearm, to wit, a shotgun without a firing pin, contrary to the provisions of Title 26, U.S.C. § 5841, the court set out the essential elements of a firearm.
"It is important to note that a determination of what is and what is not a `firearm' depends in great part upon whether the particular object in question will or will not propel a shot through explosive energy." (Emphasis added)
In United States v. Tot, 42 F. Supp. 252 (D.C.N.J. 1941), defendant was found guilty of receiving firearms shipped in interstate commerce after having been convicted of a crime of violence, in violation of the Federal Firearms Act of 1938. The court considered the act's coverage in light of the development of the tear gas gun and said:
"The air gun and possibly the tear gas gun were the only ones intended to be excluded presumably because air is not an `explosive' and tear gas is not a `projectile.'" (Emphasis added)
Courts faced with the problem of classification of a weapon as a firearm have relied upon two main elements in determining the question. The first is whether a projectile is released. The second is whether the projectile is released by means of *62 an explosive charge. In the instant case neither element is present. The gun releases gas, which the courts have indicated cannot properly be termed a projectile within the statutory intendment. Secondly, the release of this gas is effected by means of air, which cannot properly be called an explosive charge.
The case of Village of Barboursville ex rel. Bates v. Taylor, 115 W. Va. 4, 174 S.E. 485, 92 A.L.R. 1093 (Sup. Ct. App. 1934), presents a situation where the classification of a tear gas pen-gun as a firearm may be valid. There defendant, who was the sergeant-at-arms and tax collector of the village, used a tear gas pen-gun very similar in nature to the one in issue, to injure a drunken and disorderly person. His pen-gun, however, was convertible from a tear gas gun to a weapon which fired a.38-caliber shell by the insertion of an explosive charge, paper wad and shell, much the same as a pistol or revolver. In discussing a statute similar to the one here involved, the court said:
"An article not specified in the statute, but planned and made for a weapon, is dangerous or deadly within the statutory meaning if in its intended or readily adaptable use it is likely to produce death or serious bodily injury."
The court added that upon more complete development of the matters discussed, there might be judicial determination of the status of the instrument.
The Taylor case is one which had proceeded to trial and thus was considerably beyond the indictment stage. It nonetheless shows the questionableness of classifying a tear gas pen-gun as a firearm even where the elements needed are manifest, and seems to stress rather its adaptability for dangerous or deadly use as a possible avenue for regulation under the statute. There is no evidence in the present case of dangerous or deadly use of such a gun to inflict death or serious bodily injury. The three indictments in question do not approach this point of questionableness since the pen-gun fires no projectile by means of an explosive charge, required *63 for classification as a firearm under the statute. Thus, indictment Nos. 1018, 1019 and 1020 are fatally defective as a matter of law and should be dismissed.
Indictment No. 1017-64 charges defendant committed a misdemeanor by his sale of a stink bomb, contrary to the provisions of N.J.S. 2A:144-1. It is obvious that defendant is clearly within the language of that statute, which is that:
"Any person who possesses or sells in this state a stink bomb or any stinking, offensive smelling or injurious substance contained in a bomb or container, designed to be broken or exploded in order to emit an unpleasant or injurious odor or gas for the purpose of injuring or being unpleasant to another or injuring the property of another, is guilty of a misdemeanor."
A second paragraph, however, excepts defendant from culpability under the language just quoted by saying that the section does not apply to: "bombs manufactured, possessed, sold or used for the protection of life and property."
Defendant's conduct in selling these tear gas pen-guns for defense of the person from attack or molestation on the streets is without the regulatory scope of the above provision and thus not punishable as a misdemeanor. The indictment is defective and should be dismissed.
The maxim expressio unius est exclusio alterius is applicable to the question under discussion. This rule of statutory construction means that the expression in a statute of one or more things of a class implies the exclusion of all not expressed. The provisions of N.J.S. 2A:151-1 et seq., which list regulated weapons, specify machine gun, automatic rifle, pistol and revolver or other firearms. This class might then be characterized by the ability to fire a projectile by means of an explosive charge. The tear gas pen-gun does not have these characteristics and is thus excluded from the class.
More fundamental than the rubric cited above in dealing with statutory interpretation is that pertaining to penal statutes. The statute here involved is penal and demands *64 strict construction of its provisions. The things proscribed and for which a penalty may be imposed must be unambiguously and plainly within the purview of the statute, and any doubt as to inclusion within the regulatory scheme must be resolved in favor of a strict interpretation.
Since the articles in which defendant dealt are not so clearly and unmistakably within the statute's intended objects of regulation, and since their sale for certain purposes is specifically excepted and not punishable as a misdemeanor, all the indictments are palpably defective and should be dismissed.