91 N.J. Super. 50 (1966)
219 A.2d 185
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
HARRY B. SENG, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 4, 1966.
Decided April 20, 1966.
*51 Before Judges SULLIVAN, LEWIS and KOLOVSKY.
Mr. Joseph C. Glavin, Jr., Assistant Prosecutor, argued the cause for appellant (Mr. Brendan T. Byrne, Prosecutor of Essex County, attorney).
Mr. Adrian I. Karp argued the cause for defendant (Messrs. Van Riper & Belmont, attorneys).
PER CURIAM.
The State appeals from orders entered by the trial court granting defendant's motion to dismiss four *52 indictments returned against him by the Essex County grand jury. The indictments are described in the trial court's opinion reported at 89 N.J. Super. 58 (Law Div. 1965).
It is settled that on a motion to dismiss an indictment "the test of validity is whether the indictment in reasonably understandable language charges the defendant with commission of the essential factual ingredients of the offense." State v. La Fera, 35 N.J. 75, 81 (1961); State v. Silverstein, 41 N.J. 203, 207 (1963). Here, however, the trial court did not limit itself to the language of the indictment and proceeded to resolve factual questions, and this without any evidence before it.
The issue common to indictments 1018, 1019 and 1020 is whether or not a tear gas pen gun or a tear gas gun is a firearm within the meaning of the statutes referred to in the three indictments, N.J.S. 2A:151-41, 2A:151-19, 2A:151-31 and 2A:151-24. That issue is a factual issue not to be resolved on a motion to dismiss the indictment. It is an issue to be determined at the trial after evidence is adduced as to the structure and nature of the instrument and its capabilities. Cf. People v. Anderson, 236 App. Div. 586, 260 N.Y.S. 329 (App. Div. 1932); Village of Barboursville ex rel. Bates v. Taylor, 115 W. Va. 4, 174 S.E. 485, 92 A.L.R. 1093 (Sup. Ct. App. 1934).
Indictment 1017 charges a violation of N.J.S. 2A:144-1 relating to the possession or sale of stink bombs. In granting defendant's motion to dismiss this indictment, the court ruled that defendant's conduct fell within the statutory exception which provides:
"This section does not apply to an officer of the law in the performance of his duty, or to bombs manufactured, possessed, sold or used for the protection of life and property or for military purposes."
The indictment should not have been dismissed. Whether defendant is protected by the quoted exception presents a factual issue to be determined on the basis of evidence to be adduced at the trial. The indictment charged a violation of *53 the section; it did not, nor is it required that it should, negative that defendant's conduct fell within the statutory exception. The State need only show that defendant is within the prohibitory clause; the burden is on defendant to prove himself within the exception. State v. Reilly, 88 N.J.L. 104 (Sup. Ct. 1915), affirmed 89 N.J.L. 627 (E. & A. 1916); Town of West Orange v. Jordon Corp., 52 N.J. Super. 533, 547 (Cty. Ct. 1958).
The orders dismissing the indictments are reversed.