134 N.J. Super. 76 (1975)
338 A.2d 230
STATE OF NEW JERSEY, PLAINTIFF,
v.
K-MART, DEFENDANT.
Superior Court of New Jersey, Monmouth County Court, Criminal Division.
April 21, 1975.
*80 Mr. William P. Ford for defendant (Messrs. Grunewald, Turk, Gillen & Ford, attorneys).
Mr. Jerome Kineavy, Assistant Prosecutor for the State (Mr. James W. Coleman, Jr., Prosecutor of Monmouth County, attorney).
YACCARINO, J.S.C., Temporarily Assigned.
This is a trial de novo on the record. Defendant was convicted in the Hazlet Township Municipal Court on two counts of the Sunday Closing Law, N.J.S.A. 2A:171-5.8. A fine of $100 plus costs was imposed on each violation.
At the hearing below defendant made three separate pretrial motions. First, it moved to dismiss the complaints because they failed to properly inform defendant of the charges against it. The municipal judge denied the motion. Defendant next moved to dismiss the complaint for failure to charge a crime under the statute, which prohibits certain activities on Sunday, except "as works of necessity or charity or as isolated transactions not in the usual course of the business of the participants." The complaints did not negative the exceptions in the statute; there was no allegation that defendant was not within the statutory exceptions. The motion was denied. Defendant then moved to dismiss the complaints on the grounds that part of the statute referring to the exception for works of necessity and charity was unconstitutionally vague. That motion was denied. Defendant then entered a plea of not guilty.
The facts are undisputed. Joseph Kahn, one of the complainants, testified that he purchased a boy's shirt in the K-Mart Store in Hazlet on Sunday, December 15, 1974, for $2.77. George Beaman, the other complainant, testified that he purchased a man's shirt in the K-Mart store in Hazlet on Sunday, December 15, 1974, for $4.56.
At the end of the State's case defendant renewed its motions to dismiss; again the judge denied the motions. The judge then found defendant guilty of both offenses.
*81 Defendant's argument is based on the interpretation to be given N.J.S.A. 2A:171-5.8. It argues that the complaint is insufficient as a matter of law, and asserts that the complaint did not adequately apprise defendant of the charges against it and did not charge a crime because it did not negative the exceptions in the statute. Defendant also claims that the exception in the statute, to wit, "works of necessity and charity," is unconstitutionally vague.
The statute under present scrutiny is N.J.S.A. 2A:171-5.8, which reads:
On the first day of the week, commonly known and designated as Sunday, it shall be unlawful for any person whether it be at retail, wholesale or by auction, to sell, attempt to sell or offer to sell or to engage in the business of selling, as hereinafter defined, clothing or wearing apparel, building and lumber supply materials, furniture, home or business or office furnishings, household, business or office appliances, except as works of necessity and charity or as isolated transactions not in the usual course of the business of the participants.
Any person who violates any provision of this act is a disorderly person and upon conviction for the first offense, shall pay a fine of $25.00; and for the second offense, shall pay a fine of not less than $25.00 or more than $100.00 to be fixed by the court; and for the third offense, shall pay a fine of not less than $100.00 or more than $200.00 to be fixed by the court or, in the discretion of the court, may be imprisoned for a period of not more than 30 days, or both; and for the fourth or each subsequent offense, shall pay a fine of not less than $200.00 or more than $500.00 to be fixed by the court or, in the discretion of the court, may be imprisoned for a period of not less than 30 days or more than 6 months, or both. A single sale of an article or articles of merchandise of the character hereinabove set forth to any 1 customer, or a single offer to sell an article or articles of such merchandise to any 1 prospective customer, shall be deemed to be and constitute a separate and distinct violation of this act.
Defendant contends that the State has failed to either plead or prove that defendant is not within the exception set forth in the enacting and prohibiting clause of the statute. It relies on the case of West Orange v. Jordan Corp., 52 N.J. Super. 533 (Cty. Ct. 1958). The ordinance there *82 proscribed all wordly employment or business "except works of necessity and charity." The court held that the town had the burden to negative in its complaint and to show by its proof that defendant's work was not work of necessity and charity.
This rule of construction emanates from State v. Reilly, 88 N.J.L. 104 (Sup. Ct. 1915), aff'd 89 N.J.L. 627 (E. & A. 1916).
In the present case this court is dealing with a legislative enactment created in 1959,[1] which was specifically given to the public to approve in the form of a referendum.[2] The question before this court is whether to apply the rigid rule of State v. Reilly, supra, or, in the alternative, to interpret this statute in light of the interpretive aid known as in pari materia. Statutes in pari materia, i.e., related statutes dealing with the same subject matter, may be resorted to as aids to the construing of a particular statute. "Statutory interpretation as a component of the judicial task and function is not  and indeed in its nature it cannot be  an exact science." Nutting, Eliott & Dickerson, Legislation: Cases & Materials (1968), at 416. This court chooses not to grapple with the narrow construction given the enactment clause of the statute, but rather would decide this case in view of correcting the mischief this statute sought to end.
The common scheme of N.J.S.A. 2A:171-1 et seq., Arts. 1, 1A and 2, is laws governing the observance of the Sabbath. The statute under scrutiny, N.J.S.A. 2A:171-5.8, is found in Article 1A of chapter 171. The theme of this entire chapter pertains to what the State views as activities *83 allowable and those not allowable on the Sabbath. In Gundaker Central Motors v. Gassert, 23 N.J. 71 (1956), the Supreme Court dealt with the Sunday closing ban against automobiles. Chief Justice Vanderbilt wrote:
The public policy of this state is against all wordly employment on Sunday, except works of charity and necessity, N.J.S.A. 2A: 171-1. The means selected for accomplishing and maintaining that policy is not for us to question as long as there is a reasonable basis for the enactment * * *. [at 84]
The proper articulation of chapter 171 will be found in N.J.S.A. 2A:171-1, the initial statute in Art. 1. The statutes which follow, emanate from and revolve about the purposes enunciated in N.J.S.A. 2A:171-1. 2A:171-1 reads:
No wordly employment or business, except works of necessity and charity, shall be performed or practiced by any person within this state on the Christian Sabbath, or first day of the week, commonly called and hereinafter designated as Sunday.
This court is of the opinion that in applying the concept of in pari materia the words "except works of charity and necessity" should be read in the context of the entire legislative scheme of chapter 171. Read in this light, the words are no longer merely an appendage of the enacting and prohibiting clause; rather, they stand quite apart as a pronouncement of the legislative scheme. Consequently, the words should be viewed from a different vantage point.
The confusion in this area is caused by the proper definition of what constitutes the enacting clause. If the clause is part of the description of the offense, it must be included in the averment, but if the clause is a separate substantive qualification, it need not be pleaded and consequently is only a matter of distinct defense. See McGear v. Woodruff, 33 N.J.L. 213 (1868).
*84 Strictly speaking, the enacting part of the statute is that which declares its enactment and identifies it as an act of legislation, which is no part of the prohibitory or declaratory clause of the act. [State v. Reilly, supra 88 N.J.L. at 106].
This court is of the opinion that by reading the statutes in pari materia the clause, "except works of necessity and charity," fits into the category of words merely describing the statement of the statute, the ultimate purpose of which is to exclude these activities from a description of the offense.
We are also of the opinion that the fact that the exception appears in the same section of the act with the prohibitory clause, does not change the rule if the clause containing the exception is distinct and substantive, and that such a condition exists in the statute being considered. Conner v. Fogg, 75 N.J.L. 245. [State v. Reilly, supra 88 N.J.L. at 108]
Therefore, this court finds that the words in question are not to be read as part of an essential thing to be negatived. The prosecution must merely prove that defendant violated the prohibitory cluase. The burden is upon defendant to prove that he is within one of the exceptions. See West Orange v. Jordan Corp., supra; Plainfield v. Watson, 57 N.J.L. 525 (Sup Ct. 1895); State v. Lee, 100 N.J.L. 201 (Sup. Ct. 1924).
This court is in pursuit of a utilitarian principle labeled by some authorities as the "mischief rule." The rule was enunciated by Sir Edward Coke in Heydon's Case, 3 Co. Rep. 7a, 7b, 7c, Eng. Rep. 657, 658 (1584). The essence of the rule is for the judge, when interpreting legislation, to keep in mind the mischief that the Legislature through its enactment is seeking to suppress. See Legislation: Cases & Materials, supra at 409. Here the mischief is quite clear.
There is a plethora of opinions in this jurisdiction which deal with how the court should exercise its discretion in interpreting the statutes. A reading of the decisions rendered by the courts of New Jersey in the area of legislative interpretation *85 reveals an adherence to Lord Coke's admonition "to suppress the mischief and advance the remedy."
The pertinent language of the complaint reads, "defendant did sell items on Sunday in the store in violation of the Sunday Closing Law." This is the mischief that N.J.S.A. 2A:171-5.8 was intended to stop. The purpose of an indictment or complaint is to place defendant on notice as to what accusations have been made against him. Here the statute spells out what cannot be sold.[3] To say that the complaint is defective because the specific violation (the sale of a shirt) was not included, or that the State has the burden of proving the purchase was not made through charity or out of necessity, would defeat the purpose of the statute. Although criminal or quasi-criminal statutes are to be strictly construed against the State, they should not be so construed as to place an intolerable burden upon it. The purpose of a statute should not be frustrated because of an unduly narrow interpretation. Cammarata v. Essex Cty. Park Comm'n, 26 N.J. 404 (1958). Statutory interpretation that would lead to an absurd result should be avoided. State v. Gill, 47 N.J. 441 (1966). The Legislature's plan for the statute must be read in its full light, with the primary concern being the fulfillment of its true purpose. State v. Gill, supra.
The interpretation of the statute urged by defendant places an onerous burden on the State, a burden the Legislature did not intend to create. The purpose of the statute is to see that certain items are not sold on Sunday. An explicit exception in cases of charity and necessity was included in the act in order to make the store owner aware of the circumstances under which the statute did not apply. It is ludicrous to now say that the State must prove in every case that the exception did not exist.
*86 But statutes should not be construed without regard for the manifest intent of the Legislature. The legislative goal serves as a guiding consideration, Bechler v. Parsekian, 36 N.J. 242 (1961), and accordingly words in a statute must be interpreted in context to serve the spirit of the law. Walnut Realty Co. v. Director of Division of Taxation, 36 N.J. 365, 375 (1962) [Bd. of Education of Asbury Park v. Hoek, 38 N.J. 213, 231 (1962)]
In construing the legislative intent we must look to the objective sought to be attained, the nature of the subject matter, the contextual setting, and all statutes in pari materia. The statute must be construed as a whole with reference to the system of which it is a part. State v. Brown, 22 N.J. 405 (1956). Nor will a statute be construed so as to reach an absurd or anomalous result. Robson v. Rodriquez, 26 N.J. 517 (1958). [Pfitzinger v. Bd. of Trustees, etc., Retirement System, 62 N.J. Super. 589, 601 (Law Div. 1960)]
To construe this statute in light of West Orange v. Jordan Corp., supra, would render the intent of the statute impotent. It is unthinkable that the Legislature intended, in enacting N.J.S.A. 2A:171-5, to place the burden on the state to prove the exceptions within the statute. Specific language can be avoided in interpreting a statute in order to escape what the Legislature might see as an inconceivable result from its intent. See Sandler v. Springfield Tp. Bd. of Adj., 113 N.J. Super. 333 (App. Div. 1970). Courts will not construe certain clauses in a statute in such a manner as to render the whole act impotent. State v. Deckert, 69 N.J. Super. 105 (Law Div. 1961).
This court construes the legislative intent to mean that N.J.S.A. 2A:171-5.8 precludes the sale of certain items on Sunday; the State does not have the burden of proving that the sale was within the exceptions of the statute. Rather, this court, in interpreting the statute, sees the burden of proving an exception of "necessity or charity" resting on defendant. This court finds as a matter of law that proof by the defendant of "necessity or charity" will be deemed a defense to an action brought under N.J.S.A. 2A:171-5.8.
Defendant also contends that the exception in the statute, to wit, works of necessity and charity, is unconstitutionally *87 vague. In particular, defendant argues that the phrase "works of necessity" is so vague, indefinite and uncertain that it fails to inform men of common intelligence what conduct on their part in any particular circumstance will render them liable to its penalties.
The statute must be read in its entirety. Read in its entirety, the purported vagueness of the phrase in question does not really exist. A legislative enactment is presumed to be constitutional, and the burden is on the party challenging it to prove otherwise. Jamouneau v. Harner, 16 N.J. 500, 515 (1964).
The statute clearly prohibits what is to be sold on a Sunday. The exceptions of necessity and charity must be read within the contextual sphere of the statute itself. When read in this way, it is clear that this argument of vagueness fails.
To meet the requirements of due process, a law must not be so vague that it leaves the public uncertain as to what conduct it prohibits or leaves judges and jurors free in each particular case to decide without any legally fixed standards what is prohibited and what is not. Giaccio v. State of Pa., 382 U.S. 399, 402-403, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966). [Kochman v. Keansburg Bd. of Ed., 124 N.J. Super. 203, 209 (App. Div. 1973)]
The words "of necessity and charity" are sufficient to avoid the defect of vagueness. The seller is aware of the normal definition of both words. It is also clear from the record that in this case there is no evidence that the sale was prompted by either necessity or charity.
Therefore, the court finds defendant guilty on each complaint and will impose a fine of $100 plus costs of $25 for each violation, plus costs of $25 for hearing on appeal.
NOTES
[1] L. 1959, c. 119.
[2] N.J.S.A. 2A:171-5.12, origin in L. 1959, c. 119.
[3] See first paragraph of N.J.S.A. 2A:171-5.8, quoted supra.