177 N.J. Super. 650 (1981)
427 A.2d 620
RICHARD C. BELLINGER, PLAINTIFF,
v.
MARGARET BELLINGER, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County.
January 9, 1981.
*651 Donald L. Garber, for plaintiff.
Joel M. Albert, for defendant (Albert & Pescatore, attorneys).
*652 KRAFTE, J.J.D.R.C., (temporarily assigned).
Defendant-wife was the recipient of bequests during that period of her marriage governing accumulation of assets which would be subject to equitable distribution. She now claims at trial, that a recent legislative enactment excludes same from consideration as an asset subject to equitable distribution.
On December 31, 1980, the Governor signed what is commonly known as Assembly Bill No. 1229, amending N.J.S.A. 2A:34-23 by the addition of the following clause relative to equitable distribution:
"However, all such property, real, personal or otherwise, legally or beneficially acquired during marriage by either party by way of gift, devise or bequest shall not be subject to equitable distribution, except that interspousal gifts shall be subject to equitable distribution."
In its original form (introduced in the Assembly on February 16, 1978, as No. 762), interspousal gifts were not mentioned. The Governor filed this bill without signature, in effect exercising a pocket veto. Said bill, therefore, never became law. The Governor specifically objected to exclusion of such interspousal gifts.
On February 28, 1980, another bill was introduced in the Assembly as No. 1229, containing language identical with the old No. 762, except that a short sentence was added stating that "interspousal gifts shall be subject to equitable distribution."
On March 24, 1980, the Assembly Judiciary, Law, Public Safety and Defense Committee issued an explanatory statement, stating specifically:
"The act is not retroactive, and does not apply to any judgment entered or any divorce action filed prior to the effective date of the act. The act does not affect any and all gifts, devises or bequests, regardless of when they were made or made effective."
On April 14, 1980, the Assembly adopted an amendment to 1229 stating that this act does not apply to any pending divorce action, thereby retaining inherited assets as assets subject to equitable distribution.
*653 On June 9, 1980, the Senate Judiciary Committee adopted Assembly No. 1229 but deleted the amendment of April 14, 1980. Also on June 9th, the Senate Committee issued a statement containing, among others, the following language:
"The Assembly Judiciary Committee added language indicating that the provisions of Assembly No. 1229 shall not apply to divorce judgments already rendered or to any action for divorce which has already been filed. The Senate Judiciary Committee by amendment deleted this language. The Senate Judiciary Committee is of the view that the provisions of Assembly No. 1229 should be applicable to pending actions."
On September 29, 1980, the Senate Judiciary Committee issued a supplemental statement, reading in part as follows:
"When Assembly Bill No. 1229 was discussed in caucus, the issue of retroactivity was again raised and it was decided to recommit the bill in order to reconsider this issue. The Committee reconsidered the issue of applicability to pending cases and decided to reiterate the position taken in June and to release Assembly Bill No. 1229, without further amendment."
The legislation signed by the Governor on December 31, 1980, was in the form recommended by the Senate Judiciary Committee, i.e., all language relative to retroactivity was eliminated.
Concurrently with his signing Assembly No. 1229, the Governor issued a statement, saying:
"During the legislative process, a controversy arose as to whether the new rule should be limited to those matrimonial actions commenced after the effective date of the act. The Legislature could not reach agreement on this issue, and the amendments made to the bill to impose such a rule were inserted by one house and removed by the other. The bill as passed by both houses and enacted by me is silent on this point. I believe the courts are the appropriate forum to resolve that issue. They will have to decide based on existing principles of law, the extent to which this new law will affect pending cases."
At this stage, the within matter was tried.
The sole question to be decided is whether Assembly No. 1229 applies to pending litigation. No other aspect of such enactment is before this court.
It is axiomatic that the intention of the Legislature may be gleaned from an examination of its explanatory statements. In addition, an examination of gubernatorial statements accompanying the signing of a bill would be equally enlightening. Neither of these statements is binding upon a court.
*654 Our Supreme Court in Chalmers v. Chalmers, 65 N.J. 186 (1974), succinctly set forth the law regarding applicability of statutes:
"This matter was tried in November 1971 after the effective date of the amended Divorce Act which "hereby" abolished the defense of condonation. N.J.S.A. 2A:34-7. The fact that the act of alleged condonation antedated the new statute did not give plaintiff a vested right in such defense. Divorce exists by virtue of statute. The Legislature has full power to modify or change the requirements for divorce, and create or abolish defenses thereto. THE LAW IN EFFECT AT THE TIME THE ACTION WAS TRIED CONTROLS." (190-191; emphasis supplied.)
Assembly Bill No. 1229 was a part of the statute law of this State when this case was tried. It applies to this case. Is is clear that bequests are excluded from consideration by the court for purposes of equitable distribution. Defendant's inheritance is so excluded.
Judgment accordingly.