STATE OF NEW JERSEY, PLAINTIFF, v. ALAN S. HARRIS AND ANTHONY FORMATO, DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided November 21, 1986.

---

*Ike Gavzy,* Asst. Pros., for plaintiff.

*Jamie Buonocore* for defendants.

## OPINION

KUECHENMEISTER, J.S.C.

The defendant, Anthony Formato, has brought a motion to dismiss an indictment which alleges that he and his co-defendant unlawfully possessed certain weapons, namely stun guns, and sold the stun guns to an undercover officer. The defendants were charged with violations of *N.J.S.A.* 2C:39–5d and *N.J.S.A.* 2C:39–9d. Subsequent to the arrest, the New Jersey State Legislature specifically outlawed stun guns *per se.* Senate Bill No. 2871. In that bill, stun guns became included in the definition of weapons, *N.J.S.A.* 2C:39–1(r). Therefore, stun guns now are clearly outlawed. The relevant questions in this case are two: Were stun guns outlawed at the time the defendants were arrested; and was the unamended statute vague in outlawing stun guns? This court is guided, of course, by the fact that an indictment will not be dismissed except on the

clearest and plainest grounds. *State v. Porro*, 175 *N.J.Super.* 49, 51 (App.Div.1980).

First, in order to support the State's contention that the conduct was illegal at the time of the arrest, stun guns must have been included within the definition of "weapons" which were illegal at the time of arrest. " 'Weapon' means anything readily capable of lethal use or of inflicting serious bodily injury...." *N.J.S.A.* 2C:39–1(r). This court will not decide that a stun gun was or was not a weapon within the meaning of that definition because there is no evidence before it on which to base such a decision. As a matter of law, this court cannot decide whether stun guns are weapons without evidence. The case of *State v. Seng*, 91 *N.J.Super.* 50 (App.Div.1966), makes it clear that a factual question whether something is covered under a statute, as here, should not be disposed of on a motion to dismiss. *Id.* at 52. In *Seng* the court was asked to decide whether a tear gas gun pen was a firearm. The court stated, "It is an issue to be determined at the trial after evidence is adduced as to the structure and nature of the instrument and its capabilities." *Id.* Similarly, whether a stun gun is readily capable of producing lethal or serious bodily injury would have to be decided by a trier of fact after evidence was introduced and the relevant points argued. Consequently, this court makes no finding as to whether a stun gun was or was not a "weapon" at the time the defendants were arrested.

The second question involves the alleged vagueness of the statute as it applies to stun guns. The test for vagueness is whether "a person of ordinary intelligence acting in good faith" has been given "fair notice of conduct that is forbidden". *State v. Lee*, 96 *N.J.* 156, 166 (1984). "A defendant should not be obliged to guess whether his conduct is criminal". *Id.* This court, therefore, must decide whether it was sufficiently clear that stun guns were covered under the definition of weapons at the time of the arrest, assuming *arguendo* that they were illegal.

A strict construction of this statute, of course, must be made because the statute is penal in nature and all doubts must be resolved in favor of the defendant. *State in Interest of A.W.S.*, 182 *N.J.Super.* 334 (J. & D.R.Ct.1980), aff'd., 182 *N.J.Super.* 278 (App.Div.1981). Also, this court recognizes two other relevant rules of statutory construction. First, it is presumed that the Legislature was thoroughly familiar with the legislation it passed and with the judicial construction previously placed on the statute. *Jarrett v. Duncan Thecker Associates*, 175 *N.J.Super.* 109 (L.1980); *Cafe Gallery, Inc. v. State*, 189 *N.J.Super.* 468 (L.1983). Second, a statement attached to a bill can be considered to interpret the bill. *See Bellinger v. Bellinger*, 177 *N.J.Super.* 650. (Ch.Div.1981).

The statement accompanying the bill in question reads as follows:

> The purpose of this bill *is to* prohibit the possession of stun guns by any person, including a law enforcement officer, as a crime of the third degree.... *Recent* accounts of the ease with which the public, including criminals, can obtain stun guns indicate *the need for a law prohibiting their sale and possession.* Health experts have expressed doubt about the safety of stun guns, especially when used on pregnant women, persons with pacemakers, and children. Given the existence of these safety questions, *stun guns should be banned* for use not only by members of the public but also by law enforcement officers. Statement accompanying Sen. No. 2871 (1985) [Emphasis supplied.]

This statement appears to make stun guns illegal in a prospective manner. If the Legislature believed that stun guns were already covered under the definition of prohibited weapons, there would not be a finding of a "need" for stun guns to "be banned". If the Legislature was merely clarifying that stun guns were weapons one would imagine that the language in the statement would have been much different. If that were the case, the Legislature ought to have stated that a clarification was being made. In absence of such language, the defendant must have the benefit of the doubt.

The crux of this issue is that the Legislature apparently did not think that stun guns had been illegal or, at least, it left its beliefs unclear. The point is not that a subsequent legislative

body is interpreting an earlier act. Rather, the point is that the Legislature ought to be used to test whether "a person of ordinary intelligence acting in good faith" had "fair notice of conduct that [was] forbidden". If the Legislature was thoroughly familiar with the existing statute and it did not conclude that the guns were already illegal, then neither this defendant nor anyone should be charged with having fair notice.

Therefore, based on the foregoing, this court finds that the statute was vague as applied to stun guns. The vague application as the basis of the indictment satisfies the requirement that an indictment be dismissed only on the clearest and plainest grounds. The indictment shall be dismissed.