THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
FRANKLIN LEE, PLAINTIFF IN ERROR.

Submitted June 6, 1924—Decided October 20, 1924.

1. A motion in arrest of judgment based upon the assertion that
   the indictment does not charge a crime should always be granted
   when an inspection of the record shows that the assertion is
   justified by the fact.
2. An indictment for violation of section 3 of chapter 114 of the
   laws of 1919 (*Pamph. L., p.* 271), in that the defendant had in
   his possession a motor vehicle from which the trade-mark and
   distinguishing identification marks and serial mark had been
   willfully and unlawfully altered and changed, must further aver
   that such motor vehicle had remained in defendant's possession
   more than ten days, and that he had failed to file the certificate
   required by section 2 of the act, within that period.
3. Where the exception in a criminal statute appears in the en-
   acting or prohibitory clause, the indictment must negative its
   existence in order to exhibit a crime.

On error to the Atlantic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiff in error, *Herbert R. Voorhees.*

For the state, *Louis A. Repetto,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The grand jury of Atlantic
county presented an indictment against the defendant, charg-
ing him with the violation of certain supplements to our
motor vehicle laws; such violations being made criminal by
the statute.

The indictment contains three counts, the first of which
charges the defendant with a violation of section 3 of chapter
114 of the laws of 1919 (*Pamph. L., p.* 271); the second
count charges him with a violation of section 5 of chapter 168

of the statutes of the same year (*Pamph. L., p.* 357), and the third count charges him with a violation of section 3 of the latter act. When the testimony on behalf of the state and of the defendant was closed, the trial court, in charging the jury, called their attention to these three counts in the indictment, and then instructed them that they should confine their deliberations solely to the charge laid in the first count thereof and base their verdict upon their conclusion as to whether or not the defendant was guilty of the offense laid against him in that count. The jury having returned with a verdict of guilty, counsel for the defendant then moved in arrest of judgment because of the fact that the count upon which his client was convicted did not set out a criminal offense. This motion was overruled, and its refusal is made the principal basis of the defendant's claim that there should be a reversal.

We think the motion to arrest the judgment should have been granted. A motion in arrest of judgment, based upon the assertion that the indictment does not charge a crime, should always be granted when an inspection of the record discloses that the assertion is justified by the fact. *State* v. *Bove,* 98 *N. J. L.* 350, 576. The charge in the indictment is that the defendant, on the 5th day of April, 1923, "did have in his possession a certain motor vehicle from which and on which the trade-mark and distinguishing identification numbers and serial number had been willfully and unlawfully altered and changed, contrary to the form of the statute," &c. The third section of chapter 114 of the laws of 1919, which is the basis for this count in the indictment, declares that "any person having in his possession any motor vehicle * * * from which or on which any trade-mark, distinguishing or identification number, serial number or mark * * * has been altered or changed in any manner or way, shall be deemed guilty of a misdemeanor * * * unless such person shall within ten days from the time when such motor vehicle shall have come into his possession file with the commissioner of motor vehicles of this state the verified statement required by section 2 of this act." This statement must

show the source of the party's title, the proper trade-mark, identification or distinguishing number, serial number or mark of the motor vehicle, if known, and, if known, the manner of and reason for its mutilation, and also the length of time the party has had possession of the vehicle and the price paid for it, and its due filing renders the possessor of the car immune from prosecution by the express terms of the statute. The purpose of the legislature, as exhibited in this enactment, is clear, and that is that the mere possession of a motor vehicle, the distinguishing or identification marks of which have been tampered with, shall not constitute a criminal offense, unless the person having in his possession such vehicle shall have failed to file the certificate within the ten-day period; in other words, that it is his failure to comply with this provision of the statute when the existing conditions require it that brings him within its condemnation. This being so, the indictment, in order to set forth a crime under the statute, must aver not only the possession of the vehicle by the defendant, but the fact that it had remained in his possession more than ten days, and that he had failed to file the certificate within that period. All our cases are to this effect, the abstract principle being that where the exception in a criminal statute appears in the enacting or prohibitory clause thereof, the indictment must negative its existence in order to exhibit a crime. See *Mayer* v. *State,* 63 *N. J. L.* 35; *affirmed,* 64 *Id.* 323; *State* v. *Marks,* 65 *Id.* 84; *State* v. *Reilly,* 88 *Id.* 104; *affirmed,* 89 *Id.* 627.

The conviction under review will be reversed.