STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HER-
MAN COHEN, PLAINTIFF IN ERROR.

Argued March 3, 1925—Decided January 21, 1926.

**Crimes—Passing Fraudulent Checks—No Money in Bank to
Credit of Defendant, and Never Had Been—Sundry Refusals
to Charge Favorable to Defendant Examined and Sustained
—Not Necessary to Allege in Indictment That Demand Had
Been Made on Maker Within Five Days to Pay Check and
All Costs—Verdict Not Against Weight of Evidence.**

On writ of error.

Before Justices PARKER and KATZENBACH.

For the plaintiff in error, *Kraemer & Siegler.*

For the defendant in error, *John O. Bigelow.*

PER CURIAM.

The defendant below, Herman Cohen, was convicted in the
Essex Quarter Sessions of uttering a bad check with intent
to defraud. He has sued out a writ of error to review the
judgment of conviction. The indictment was founded upon
the amendment of the Crimes act contained in chapter 72 of
the laws of 1919. *Pamph. L.* 1919, *p.* 133. Cohen and the
complaining witness Jack Ruderman were acquaintances
and business associates. Cohen claimed Ruderman was his
partner, which Ruderman denied. It is not disputed that, on
October 15th, 1923, Cohen drew and delivered to Ruderman
a check on the Fidelity Union Trust Company for $85,
which Ruderman presented for payment on the following
day. The check was returned marked "No Account."
Cohen had no account with this bank and never had had.
The check was never made good. Ruderman testified that
Cohen wanted to buy some clothing but did not have the
money, and asked him to cash a check for $85. Ruderman

only had $65, so, to oblige Cohen, he went to a hat store and borrowed from its manager, a friend, $20. Ruderman then handed Cohen $85, and Cohen wrote out and handed to him the check in question. Cohen contended that Ruderman had advanced him from time to time $85, and the check was a memorandum of this indebtedness, which Ruderman agreed to hold, and not use as a check.

The case is before us under section 136 of the Criminal Procedure act as well as upon a strict bill of exceptions.

The first point urged by the plaintiff in error for reversal is the refusal of the trial court to charge the following request: "Intent to defraud is not a mere misrepresentation such as predicates a suit for the recovery of damages, but involves a criminal intention *ad initio, i. e.,* from the beginning." It is difficult to understand what this request means. If the defendant obtained $85 by the misrepresentation that the check was good when he knew it was not, the statute makes such a transaction *prima facie* evidence of intent to defraud. The request does not, therefore, state any accurate principle of law, which the trial court was obliged to charge when requested.

The second ground for reversal is the failure of the trial judge to charge the following request: "That the term check is defined under our statute as 'a check is a bill of exchange drawn on a bank payable on demand, and must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay.'" It was uncontradicted that Ruderman presented the defendant's check for payment the day following its delivery to him. The defendant had no account in the bank. This was not denied. There was not, therefore, any evidence in the case which would have justified the charging of this request. It was properly refused.

The third point presented by the plaintiff in error is the refusal of the trial court to charge the following request: "The failure to make presentation of the check is to be considered by you in the light of the ordinary acceptation of

the word check under the criminal statute, meaning thereby that the statute presupposes that the check was given under such circumstances as involved the right of the payee to make presentation within a reasonable course of time, practically on demand. Evidence, therefore, in the case that the check was presented some months later, negatives the state's outstanding contention of its being a check in the sense of the word check under the statute." The request inaccurately states the testimony when it says the check was presented "some months later." The evidence on the subject of presentment has been referred to. The defendant admitted that the check was presented on October 16th, 1923. The court ruled properly in declining to charge the request.

The fourth ground for reversal argued is the refusal of the court to charge the following request: "If you find as a fact from the evidence that Ruderman was to your minds in business with the defendant, then you can take into consideration the fact of whether or not the check was given as a mere memorandum between the parties as to the amount paid by Ruderman to the defendant out of the partnership fund." This request calls for a comment upon the evidence which the trial judge was not required to make. The subject-matter of the request was, however, referred to and fully covered in the charge. We see no error in the refusal to charge this request.

The fifth point urged for reversal is the refusal to charge the following request: "Intent to defraud as in this charge must not be of a civil nature, but must be of criminal intention, and, especially, beyond all reasonable doubt." This is substantially similar to the request considered under the first point. What was said with reference to the former request applies equally to the request under consideration. We think it was properly refused.

The sixth point argued on behalf of the defendant is that the indictment is defective. The statute in the second section thereof contains a proviso as follows: "Provided such maker or drawer shall not have paid the drawee thereof the amount due thereon, together with all costs and protest fees,

within five days, after receiving notice that such check, draft or order has not been paid by the drawee. It is contended that this allegation should have been made in the indictment, and that the state should have furnished evidence that the case did not fall within the proviso mentioned. There is no merit in this contention. It is well settled that if there be an exception in the body of the enacting clause, the party relying on the general clause must in such case negative the exception in his pleading, but if the exception be in some other detached clause it need not be negatived or noticed, and the opposite party must set up the exception. *Wheatman* v. *Andrews*, 85 *N. J. L.* 107; *Mayer* v. *State*, 63 *Id.* 35; *State* v. *Marks*, 65 *Id.* 84; *State* v. *Terry*, 73 *Id.* 554; *State* v. *Reilly*, 89 *Id.* 627.

The case of *State* v. *Lee*, 126 *Atl. Rep.* 420, is relied upon by the plaintiff in error. In this case the exception is in the body of the statute.

The seventh point argued for the plaintiff in error is that the state failed on its case to establish facts sufficient to warrant a conviction. There is no assignment of error or specification of cause for reversal which embodies this contention. It was not raised by any ruling or by any motion to acquit the defendant at any stage. The point, therefore, will not be considered.

The last ground argued for reversal is that the verdict is against the weight of the evidence. In view of the testimony that Ruderman, in order to accommodate the defendant, said that he would borrow from a friend the amount which he required to make the full amount requested as a loan by the defendant; that Ruderman did go to the hat store and borrow from its manager the balance needed to give the defendant the sum he stated he required; that the defendant admitted going to the store with Ruderman; that Mr. Hanson, from whom the money was borrowed, corroborated this, leads us to the view that the verdict was not contrary to the weight of evidence.

The judgment of conviction is, accordingly, affirmed.