HAZEL D. ALEXANDER, PROSECUTRIX-RESPONDENT, v. CUNNINGHAM ROOFING COMPANY, INC., A BODY CORPORATE, RESPONDENT-APPELLANT.

Submitted May 31, 1940—Decided October 10, 1940.

For the appellant, *Clarence B. Tippett.*

For the respondent, *Nathan Rabinowitz, Isadore Rabinowitz* and *S. Martin Mandon* (*Isadore Rabinowitz,* of counsel).

PER CURIAM.

The judgment is affirmed, for the reasons stated in the opinion of Mr. Justice Perskie for the Supreme Court.

As regards appellant's insistence that respondent was not, "in fact, and as a matter of law," totally dependent upon her husband at the time of his death, it suffices to point out that the ruling principle is declared in *Comparri* v. *James Readding, Inc.,* 120 *N. J. L.* 168, a case dealing with a child of the deceased employe who was not "actually a part" of her deceased father's "household at the time of his death"—one whose status under the statute is akin to that of the widow so situated. There this court, in a deliverance by Mr. Justice Donges, declared: "It will be observed that the test is as to the dependency of a child upon the father. It is not governed in the slightest degree by the amount of money actually contributed to, or expended upon the child. It is undoubted that the law imposed upon the decedent the duty of fully and wholly maintaining his daughter. The legal duty was the subject of court order, and it must be presumed, that, in view of the legal duty of the father, the court determined

that the amount then required for the full and total maintenance of the daughter, in view of the father's financial abilities, was the sum of $5 a week. * * * The undoubted fact that the father failed in his duty to provide for her, did not render the daughter any less dependent. * * * The test being dependency, and dependency having been legally determined as before stated, and nothing appearing to the contrary, the statute fixes the amount of the compensation without regard to the amount actually expended by the father on his daughter."

The fact that the claimant did not "vigorously," by legal proceedings or otherwise, seek "to enforce her legal right to support," is not a definitive circumstance, as the Common Pleas judge seems to suggest. While this is a factor to be considered with all the other facts and circumstances in the determination of the basic question of dependency, it is to be borne in mind that the law does not command the doing of a vain or futile thing. And, for reasons consistent with continuing dependency in the legal sense, the wife may refrain from action to enforce the legal obligation of support, such, for instance, as the conviction that coercive measures might preclude a termination of the separation sincerely sought by her. Compare *Reeves* v. *Weber,* 111 *N. J. Eq.* 454.

In this view, there was evidence to sustain the finding of total dependency made by the Supreme Court in the exercise of its statutory fact-finding function. Whether there had been a cessation of dependency or the husband's legal obligation of support, was a question of fact; and it is the settled procedural rule that findings of fact on conflicting evidence, or on uncontroverted evidence reasonably susceptible of divergent inferences, are conclusive on appeal.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, DONGES, HEHER, PORTER, DEAR. WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.

*For reversal*—None.