92 N.J. Super. 452 (1966)
224 A.2d 21
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KARL I. TONNISEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1966.
Decided November 3, 1966.
*454 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Morris Brown argued the cause for appellant (Messrs. Wilentz, Goldman & Spitzer, attorneys).
Mr. William D. Danberry, Assistant County Prosecutor, argued the cause for respondent (Mr. Edward J. Dolan, Middlesex County Prosecutor, attorney).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
After a trial by jury, defendant was convicted of malicious mischief. The statute involved is N.J.S. 2A:122-1 which provides:
"Any person who willfully or maliciously destroys, damages, injures or spoils any real or personal property of another, either of a public or private nature, for which no punishment is otherwise provided by statute, is guilty of a misdemeanor."
The State produced evidence that the employees of the Peter J. Schweitzer Plant were on strike and some of the employees were on a picket line across the entrance to the plant. Defendant was one of the employees at or near the plant entrance at the time of the incident in question.
A tank trailer truck loaded with caustic soda arrived at the plant and attempted to go though the plant entrance but was blocked by the pickets. A police officer on duty proceeded to clear a path for the truck through the picket line. Defendant was then seen by the officer and other persons to go over to the side of the truck and stick his hand in between *455 the tractor and the trailer. When he withdrew his hand there was grease on it. The officer attempted to tell the driver "to hold it" but before his warning could be heard, the tractor pulled ahead and separated from the trailer which fell down on the road causing the bottom of the tank to crack and the contents thereof to begin to leak out on the road. Examination of the vehicle showed that the safety mechanism of the coupling between the tractor and trailer, had been pulled. The dollar amount of the damage resulting from the incident was not shown by the State.
Defendant, who testified in his own defense, denied that he had put his hand "anywheres in the vicinity of the coupling between the truck and the trailer."
On this appeal defendant argues that the State failed to prove criminal willfulness or malice on defendant's part. We disagree. These elements are rarely if ever susceptible of direct proof. In the usual case they are inferred from the totality of the State's case. Here we find ample credible evidence from which a jury could have found that beyond a reasonable doubt defendant pulled the safety mechanism and did so willfully or maliciously within the intent of the statute.
Defendant also contends that under N.J.S. 2A:122-1 an essential element of the State's case was lacking because it did not prove that "no punishment is otherwise provided by statute" for the offense which defendant was charged with having committed. In particular, defendant refers to N.J.S. 2A:170-36 which reads:
"Any person who maliciously destroys, defaces, damages or injures property, may, where the damage does not exceed the sum of $200, be adjudged a disorderly person."
The argument is that defendant would have been punishable under the Disorderly Persons statute, supra, if the damage did not exceed $200, and therefore it was incumbent on the State to establish as an essential part of its case that the damage caused by defendant exceeded $200.
*456 We note that this contention was not made at trial, and is raised for the first time on this appeal.
There is no merit to this argument. It was not incumbent on the State, as a part of the establishment of a prima facie case against defendant, to show that "no punishment is otherwise provided by statute."
Where the exception in a criminal statute appears as a part of the enacting or prohibitory clause thereof, i.e., is an essential part of the description of the offense, the indictment as well as the State's proof must negative its existence in order to establish a crime. State v. Lee, 100 N.J.L. 201, 203 (Sup. Ct. 1924). However, if the provision is not a part of such clause, it is enough for the State to show that the defendant is within the enacting or prohibitory clause and the burden is on the defendant to come forward and bring himself within the exception. State v. Seng, 91 N.J. Super. 50, 53 (App. Div. 1966); Town of West Orange v. Jordan Corp., 52 N.J. Super. 533, 547-548 (Cty. Ct. 1958); State v. Reilly, 88 N.J.L. 104 (Sup. Ct. 1915), affirmed, 89 N.J.L. 627 (E. & A. 1916). "Other provisions for punishment" are uniformly held to fall within the latter category. See Annotation, "Burden of averment and proof as to exception in criminal statute on which the prosecution is based," 153 A.L.R. 1218, 1399 (1944).
Defendant's other contentions have been considered and found to lack substance.
Affirmed.