185 N.J. Super. 489 (1982)
449 A.2d 1314
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PAUL H. BROWN, ALSO REFERRED TO AS PAUL HENRY BROWN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 19, 1982.
Decided May 11, 1982.
*491 Before Judges MILMED, JOELSON and GAULKIN.
Mark H. Friedman, Assistant Deputy Public Defender, argued the cause for appellant (Stanley C. Van Ness, Public Defender, attorney).
David V. Brody, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by MILMED, P.J.A.D.
Tried to a jury, defendant was found guilty of unlawful possession and control of a weapon, viz., a knife, having previously been convicted "of the crime of Homicide" (manslaughter) (N.J.S.A. 2C:39-7). His motion for a new trial was denied and, on the conviction, he was committed to the custody of the Commissioner of the Department of Corrections for a term of 18 months. Additionally, he was assessed a penalty of $25 for use by the Violent Crimes Compensation Board.
Defendant's contentions on this appeal, as set forth in the brief submitted on his behalf, are the following:
POINT I The trial judge's refusal to instruct the jury regarding the proper meaning of a "dangerous knife" for purposes of N.J.S.A. 2C:39-7 was erroneous and deprived defendant of a fair trial.
POINT II Defendant's sentence is manifestly excessive and unduly punitive.
N.J.S.A. 2C:39-7, the statute which defendant was convicted of violating, reads:
Any person, having been convicted in this State or elsewhere of the crime of aggravated assault, arson, burglary, escape, extortion, homicide, kidnapping, robbery, aggravated sexual assault, or sexual assault, whether or not armed with or having in his possession any weapon enumerated in section 2C:39-1r., or any person who has ever been committed for a mental disorder to any hospital, mental institution or sanitarium unless he possesses a certificate of a medical *492 doctor or psychiatrist licensed to practice in New Jersey or other satisfactory proof that he is no longer suffering from a mental disorder which interferes with or handicaps him in the handling of a firearm, or any person who has been convicted for the unlawful use, possession or sale of a controlled dangerous substance as defined in article 2 of P.L. 1970, c. 226 (C. 24:21-3 et seq.), who purchases, owns, possesses or controls any of the said weapons is guilty of a crime of the fourth degree.
Whenever any person shall have been convicted in another state, territory, commonwealth or other jurisdiction of the United States, or any country in the world, in a court of competent jurisdiction, of a crime which in said other jurisdiction or country is comparable to one of the crimes enumerated above, then that person shall be subject to the provisions of this section.
N.J.S.A. 2C:39-1r defines the term "weapon," as used in chapters 39 and 58 of Title 2C, as follows:
"Weapon" means anything readily capable of lethal use or of inflicting serious bodily injury. The term includes, but is not limited to, all (1) firearms, even though not loaded or lacking a clip or other component to render them immediately operable; (2) components which can be readily assembled into a weapon; and (3) gravity knives, switchblade knives, daggers, dirks, stilettos, or other dangerous knives, billies, blackjacks, bludgeons, metal knuckles, sandclubs, slingshots, cestus or similar leather bands studded with metal filings or razor blades imbedded in wood; and any weapon or other device which projects, releases, or emits tear gas or any other substance intended to produce temporary physical discomfort or permanent injury through being vaporized or otherwise dispensed in the air.
Defendant contends that the trial judge erred in refusing to instruct the jury, as trial counsel for defendant had requested, that "a knife which is not dangerous per se will be a dangerous knife if the purpose of possession is its use as a weapon." In support of this claim he relies heavily upon the definition of a "dangerous knife" set forth in State v. Green, 62 N.J. 547, 560 (1973). Such reliance is clearly misplaced, for in that case the court was interpreting N.J.S.A. 2A:151-41(c) and not N.J.S.A. 2A:151-8, the forerunner of N.J.S.A. 2C:39-7, the statute which defendant was convicted of violating.
We have no doubt that the boning knife which defendant possessed while attempting to shoplift and when arrested was "readily capable of lethal use or of inflicting serious bodily injury," and thus a "weapon enumerated in section 2C:39-1r." Furthermore, it is evident that the legislative design in N.J.S.A. *493 2C:39-7, as in its predecessor statute, N.J.S.A. 2A:151-8, was to proscribe the possession, without more, by (among other persons) convicted felons, of any of the "enumerated" weapons referred to therein, including any dangerous knife. As this court observed in State v. Middleton, 143 N.J. Super. 18 (App.Div. 1976), aff'd 75 N.J. 47 (1977), in regard to the predecessor statute:
... It is obvious to us that one of the evils sought to be suppressed by the statute was the possibility of any show of force, real or apparent, by one who had already been proven a felon. [143 N.J. Super. at 23]
And, as this court further noted in State v. Harper, 153 N.J. Super. 86 (App.Div. 1977), also in regard to the predecessor statute:
The obvious legislative intent of N.J.S.A. 2A:151-8 was to deter those previously convicted of serious crimes from possessing dangerous weapons. [at 89]
Defendant would have us construe N.J.S.A. 2C:39-7 as requiring for a conviction thereunder proof, not only that the boning knife was in his, a convicted felon's, possession at the time of arrest, but beyond this, that his purpose in possessing it was "its use as a weapon." Such construction would render the statute, a crime of the fourth degree, meaningless and useless, since the resulting offense would then clearly fall within the ambit of N.J.S.A. 2C:39-4(d), a crime of the third degree, which reads:
Any person who has in his possession any weapon, except a firearm, with a purpose to use it unlawfully against the person or property of another is guilty of a crime of the third degree.
It is well settled that "[t]he presumption is against useless legislation." Lanning v. Hudson Cty Ct. of Common Pleas, 127 N.J.L. 10, 16 (Sup.Ct. 1941), aff'd 127 N.J.L. 604, 605 (E. & A. 1942). See, also, Alexander v. Cunningham Roofing Co., Inc., 124 N.J.L. 390, 394 (Sup.Ct. 1940), aff'd 125 N.J.L. 277 (E. & A. 1940); Newark Bd. of Ed. v. Newark Teachers Union, 152 N.J. Super. 51, 60 (App.Div. 1977).
There was thus no need for proof, as suggested by defendant, of "the purpose of possession." On the contrary, proof, beyond a reasonable doubt, of mere possession by the convicted felon of one of the weapons enumerated in N.J.S.A. 2C:39-1r, is sufficient, as here, to support a conviction under N.J.S.A. 2C:39-7. Defendant's motion for a new trial was, accordingly, properly denied.
*494 We are also satisfied that, in view of the nature of the offense and the information set forth in the presentence report, the trial judge did not mistakenly exercise his discretion in imposing the sentence which he did in this case. It does not clearly and convincingly appear that there was any miscarriage of justice under the law. See State v. Whitaker, 79 N.J. 503 (1979).
The judgment of conviction and order for commitment under review is affirmed.