STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CHARLES E. WRIGHT, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued August 30, 1982—Decided October 15, 1982.

Before Judges PRESSLER and BRODY.

*John M. Apicella,* Assistant Deputy Public Defender, argued the cause for appellant (*Joseph H. Rodriquez,* Acting Public Defender, attorney; *John M. Apicella* on the letter brief).

*Catherine A. Foddai,* Deputy Attorney General, argued the cause for respondent (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *Catherine A. Foddai* of counsel and on the brief).

The opinion of the court was delivered by

BRODY, J.A.D.

When police searched defendant after his arrest they discovered under his sock an Exacto knife held against his ankle by a rubber band. A one-inch, razor-like blade, sheathed in cardboard, protruded from its eight-inch handle. The knife was designed for use by hobbyists in building wooden models. Defendant was indicted for the unlawful possession of a weapon (*N.J.S.A.* 2C:39–5(d)), a jury found him guilty, and he was sentenced to a term of 200 days in the county jail.

Defendant argues that (1) it was error for the judge to have omitted from his charge the element of purpose to use the knife unlawfully and (2) if such purpose is not an element of the crime, the statute creating the crime is thereby rendered unconstitutional as vague, overbroad and violative of the presumption of innocence.

The Legislature created two general categories of possessory weapon offenses: crimes which require that the weapon be possessed "with a purpose to use it unlawfully against the person or property of another" (*N.J.S.A.* 2C:39–4) and a group of lesser degree crimes where unlawful purpose is not an element of the offense (*N.J.S.A.* 2C:39–3 and 5). Each of the various simple possession crimes requires consideration of exculpatory circumstances, statutorily defined, which in some cases a defendant has the burden of establishing and in others the State must disprove. For instance, a person possessing a handgun cannot be convicted if he first obtained a permit. *N.J.S.A.* 2C:39–5(b). A defendant must establish this exculpatory fact. *N.J.S.A.* 2C:39–2(b). This allocation of the burden of proof is consistent with pre-Code statutory and case law. *See State v.*

*Blanca,* 100 *N.J.Super.* 241, 247–248 (App.Div.1968). Similarly a person possessing specified *per se* weapons "without any explainable lawful purpose" has the burden of establishing the lawful purpose. *N.J.S.A.* 2C:39–3(e); *N.J.S.A.* 2C:1–13(d)(1). *See State v. Tonnisen,* 92 *N.J.Super.* 452, 456 (App.Div.1966), certif. den. 48 *N.J.* 443 (1967).

■ The statute in the present case, *N.J.S.A.* 2C:39–5(d), deals with unlawful possession of "other weapons," *i.e.,* non-*per se* weapons for which no permit is required. It reads:

> Any person who knowingly has in his possession any other weapon under circumstances not manifestly appropriate for such lawful uses as it may have is guilty of a crime of the fourth degree.

Under this statute the State need not prove unlawful purpose. That element is reserved for the more serious crimes defined in *N.J.S.A.* 2C:39–4. *See State v. Brown,* 185 *N.J.Super.* 489, 492 (App.Div.1982). Therefore, the judge properly charged the jury in this regard. *N.J.S.A.* 2A:151–41(c), which formerly defined possessory weapon crimes, did not differentiate them as the Code does, and there was no pre-Code analogue to simple possessory crimes. Therefore, *State v. Green,* 62 *N.J.* 547, 560 (1973), which read "unlawful purpose" into the pre-Code definition of "dangerous knife," does not apply to this category of Code crimes. We respectfully disagree with the contrary conclusion reached in *State in the Interest of T.E.T.,* 184 *N.J.Super.* 324, 329–330 (App.Div.1982).

Although the State need not prove unlawful use or purpose, absence of a lawful purpose is an essential part of the definition of the *N.J.S.A.* 2C:39–5(d) crime. The State must therefore negate existence of a lawful purpose in order to establish the crime. *See State v. Tonnisen, supra,* 92 *N.J.Super.* at 456. The judge properly charged the jury that the State has the burden of proving that defendant's possession of the knife was under circumstances not manifestly appropriate for such lawful uses as it may have.

■ By relieving the State of having to prove unlawful purpose, *N.J.S.A.* 2C:39–5(d) is neither vague nor overbroad. The definition of weapon as "anything readily capable of lethal use or of inflicting serious bodily injury" (*N.J.S.A.* 2C:39–1(r)) is broad. But possession alone of a non-*per se* weapon is not the whole definition of the *N.J.S.A.* 2C:39–5(d) crime. The State must negate lawful use or purpose. In finding defendant guilty of unlawful possession, the jury had to be satisfied that though the knife was designed for use by hobbyists, the circumstances under which defendant possessed it were not appropriate to that use. While the jury may have suspected that defendant had an unlawful use as his purpose, it did not have to find that as an element of the crime charged since defendant was not charged under *N.J.S.A.* 2C:39–4(d) (possession for unlawful purposes). When the State has evidence of possession of a non-*per se* weapon for unlawful purposes, it may charge under both *N.J.S.A.* 2C:39–4(d) and *N.J.S.A.* 2C:39–5(d), the latter being a lesser included offense.

■ The judge did err in defining "manifestly" in his charge as "easily understood or recognized." While this is one of the dictionary definitions, using it here has the effect of lightening the State's burden of proof in a way not intended by the Legislature. The judge charged:

> If you as the jury find that the circumstances under which the weapon was possessed could not easily be understood or recognized as being appropriate to a lawful use of the instrument in question here then possession of the weapon under those circumstances is prohibited.

Given that instruction, the jury could have convicted defendant even though they were not convinced beyond a reasonable doubt that the State had disproved a lawful purpose, but were convinced beyond a reasonable doubt that a lawful purpose was not "easily understood or recognized" from the circumstances. Under this definition, it would be easier to convict for possession of a non-*per se* weapon where the burden is on the State to negate lawful purpose, than to convict for possession of a *per se* weapon where the burden is on a defendant to prove lawful purpose "to

the satisfaction of the judge or jury." *N.J.S.A.* 2C:39–3(e); *N.J.S.A.* 2C:1–13(d). Apart from any constitutional considerations, the Legislature did not intend such an anomalous result.

We believe that the Legislature intended "manifestly" to mean no more than "demonstrably." The State must prove beyond a reasonable doubt that the circumstances do not demonstrate that defendant possessed the weapon for any lawful use it may have.

Reversed and remanded for a new trial.