STATE OF NEW JERSEY, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT, v. CHARLES WRIGHT, A/K/A MARK ED-WARDS, DEFENDANT-RESPONDENT AND CROSS-APPEL-LANT.

Argued November 29, 1983—Decided May 7, 1984.

*Mark Paul Cronin,* Deputy Attorney General, argued the cause for appellant and cross-respondent (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *Catherine A. Foddai,* Deputy Attorney General, of counsel and on the briefs).

*John M. Apicella,* Assistant Deputy Public Defender, argued the cause for respondent and cross-appellant (*Joseph H. Rodriguez,* Public Defender, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

Like the companion case of *State v. Lee,* 96 *N.J.* 156 (1984), decided today, this matter raises the issue whether *N.J.S.A.* 2C:39–5 d is unconstitutionally overbroad or vague. We hold that proof of intent to use a weapon for an unlawful purpose is not necessary to save the statute from a challenge of unconstitutionality. Furthermore, we find that the trial court delivered an adequate charge. Consequently, we reverse the judgment of the Appellate Division, which found the charge to be inadequate, and reinstate defendant's conviction.

During the evening of September 1, 1979, defendant, who was the subject of several outstanding arrest warrants, and a friend were standing at the intersection of East Forest and Arlington Avenues in Teaneck, New Jersey. A detective patrolling the area in an unmarked vehicle tentatively identified defendant, radioed for help, and pulled his vehicle into a gas station at the corner. The detective called to the defendant by his nickname, "Pumpkin," but defendant did not reply. Instead, defendant and his companion began walking away from the intersection. When the detective approached him, defendant identified himself as "Mark Edwards" of Hackensack. A patrolman, who was acquainted with the Wright family, arrived and positively identified defendant as Charles Wright.

The officers arrested the defendant on the basis of the outstanding warrants, quickly frisked him, and took him to headquarters, where a more thorough search was conducted.

Inside defendant's sock and strapped to his ankle by a rubber band, the police found an Exacto knife, with an eight-inch handle and a one-inch razor-like blade, protected by a cardboard sheath. Thereupon the police charged Wright with violating *N.J.S.A.* 2C:39–5 d, which states that anyone who knowingly possesses a weapon "under circumstances not manifestly appropriate for such lawful uses as it may have" can be convicted of a fourth degree crime.

The trial court instructed the jury that the term "manifestly" meant "easily understood or recognized by the mind." The charge continued, "[i]f you * * * find that the circumstances under which the weapon was possessed could not be easily understood or recognized as being appropriate to a lawful use of the instrument in question here then possession of the weapon * * * is prohibited."

Furthermore, the trial court instructed:

> You must consider all of the surrounding circumstances and facts in evidence including the size, shape and condition of the weapon, the nature and means of its concealment, if any, and the time, place and actions of the defendant when the weapon was found in his possession. If upon considering all the evidence you conclude that the defendant possessed the instrument under circumstances not manifestly appropriate for one of its lawful uses then possession is prohibited within the meaning of this statute, [sic] therefore, in order to warrant a conviction you must be satisfied beyond a reasonable doubt from all of the facts and surrounding circumstances that the defendant knowingly possessed a weapon and that the circumstances under which the weapon was possessed were not manifestly appropriate for any lawful use that the weapon might have.

The jury convicted defendant, who received a sentence of 200 days in the Bergen County jail, with a credit for 184 days of time served.

The Appellate Division reversed the conviction. 187 *N.J.Super.* 160 (1982). Although it agreed with the trial judge that the State need not prove an "intent to use for an unlawful purpose," the appellate court found reversible error in that part of the charge that defined "manifestly" as "easily understood or recognized." Although the Appellate Division acknowledged that the trial court's definition "is one of the dictionary definitions," 187 *N.J.Super.* at 164, it concluded that the trial judge

impermissibly reduced the State's burden of proof. The Appellate Division would have defined "manifestly" as "demonstrably." We disagree. When considered in its entirety, the trial court's charge adequately set forth the elements of the crime. Furthermore, as discussed more fully in *State v. Lee, supra,* 96 *N.J.* 156, we find that 2C:39-5 d is neither unconstitutionally overbroad nor vague. Accordingly, we reverse the judgment of the Appellate Division, which remanded the matter for a new trial, and reinstate defendant's conviction.

CLIFFORD, J., dissenting.

For substantially the same reasons as expressed in my dissenting opinion in *State v. Lee,* 96 *N.J.* 156, 167 (1984), decided this day, I would affirm the judgment of the Appellate Division reversing defendant's conviction and remanding for a new trial.

*For reversal and reinstatement*—Chief Justice WILENTZ, and Justices SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—6.

*For affirmance*—Justice CLIFFORD—1.